**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CLAYTON J. MARTIN,**

       **Plaintiff,**

       v.                          **CASE NO.  23-3063-JWL**

**Brian Bellendir, et al.,**

       **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

      Plaintiff Clayton J. Martin is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

**I.  Nature of the Matter before the Court**

      Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is in custody at the Finney County Jail in Garden City, Kansas ("FCJ").  The Court granted Plaintiff leave to proceed in forma pauperis.

      Although Plaintiff is currently in custody at the FCJ, his claims arose during his detention at the Barton County Jail in Great Bend, Kansas ("BCJ").  Plaintiff alleges that on December 6, 2021, he was arrested for failure to appear.  (Doc. 1, at 2.)  Plaintiff alleges that on December 31, 2021, he was placed on 23-hour lockdown.  Plaintiff alleges that on January 11, 2022, Sheriff Bellendir placed Plaintiff on 24-hour lockdown for 13 days in retaliation for Plaintiff filing a motion to dismiss in his state criminal case on January 10, 2022.  *Id*. at 1.

Plaintiff alleges that Deputy Sheriff Parks acted with deliberate indifference when he denied Plaintiff's request for medical care. *Id*. at 2. Plaintiff alleges that he has been denied access to medical attention and to the law library, and he has never received a disciplinary report. *Id*. Plaintiff also alleges that for over one month he was unable to speak to anyone on the phone or by mail because he could not buy stamps. *Id*. at 7.

Plaintiff also claims that he has been denied the right to file grievances because the BCJ does not have a paper grievance system and uses an electronic system through an inmate kiosk. *Id*. at 6. Plaintiff claims he was denied access to the kiosk. *Id*.

Plaintiff only mentions Defendants Bellendir and Parks in the body of his Complaint. He alleges that he spoke with the remaining defendants about the violations of his Eighth Amendment rights and the Kansas Bill of Rights, and they all said they were just following orders. *Id*. at 3.

Plaintiff names as defendants: Brian Bellendir, Barton County Sheriff; Barton County Jail; Doug Parks, Barton County Deputy Sheriff; Brad Potzner, BCJ Sergeant; Karen Smith, BCJ Corporal; Wes Knox, BCJ Corporal; Jarrod Vonfelt, BCJ Corporal; Brian Freeman, BCJ Deputy Jailer, Grant Smith, BCJ Deputy Jailer; Tommy Tripp, BCJ Deputy Jailer; Nathen Williams, BCJ Deputy Jailer; Christine Smith, BCJ Deputy Jailer; AJ Roberts, BCJ Deputy Jailer; Pat Ford, BCJ Deputy Jailer; (fnu) Kennan, BCJ Deputy Jailer; and (fnu) Reed, BCJ Deputy Jailer. For relief, Plaintiff seeks "nominal damage" in the amount of $5,000 per day for each of the 13 days he was in 24-hour lockdown, and $1,000 per day for each of the 56 days he was in 23-hour lockdown. He also seeks $300,000 in punitive damages, and injunctive relief in the form of a requirement that the BCJ adopt and apply a paper grievance process. *Id*. at 10.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a

complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Improper Defendants

Plaintiff names the BCJ as a defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law."

*West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper

defendants because none is a "person" subject to suit for money damages under § 1983. *See Will*

*v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-

SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–

4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or

legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL

462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not

a 'person' within the meaning of § 1983."). Plaintiff's claims against the BCJ are subject to

dismissal.

An essential element of a civil rights claim against an individual is that person's direct

personal participation in the acts or inactions upon which the complaint is based. *Kentucky v.*

*Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011)

("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific

constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–

24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in

the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228

(10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal*

*responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation

omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff

must plead that each Government-official defendant, through the official's own individual actions,

has violated the Constitution."). As a result, a plaintiff is required to name each defendant not

only in the caption of the complaint, but again in the body of the complaint and to include in the

body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

### 2. First Amendment

Plaintiff claims that Sheriff Bellendir placed Plaintiff in lockdown in retaliation for Plaintiff filing a motion to dismiss in his state criminal case.  Plaintiff attaches the motion to dismiss, which does not mention the Sheriff or any staff or conditions at the BCJ.  *See* Doc. 1–1, at 1.  It is unclear why Plaintiff believes the Sheriff retaliated against him for filing the motion. Plaintiff claims that he did not receive a disciplinary report, but Plaintiff's grievance suggests that he knows why his was placed in lockdown.  *Id*. at 1.  Plaintiff filed a grievance on January 11, 2022—the day he received the lockdown—asking about the extent of his punishment and stating: "I have made apologies to all officers involved in [the] incident.  I am right now giving you my apology I was out of line and I let emotions get the best of me.  Please accept my apology." *Id*. at 4.

"[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper."  *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (citations omitted).  The Tenth Circuit has held that:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements:  (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

However, an "inmate claiming retaliation must allege *specific facts* showing retaliation because of the exercise of the prisoner's constitutional rights." *Fogle v. Pierson*, 435 F.3d 1252, 1264 (10th Cir. 2006) (quotations and citations omitted).  Thus, for this type of claim, "it is imperative that plaintiff's pleading be factual and not conclusory.  Mere allegations of constitutional retaliation will not suffice." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990).  "To prevail, a prisoner must show that the challenged actions would not have occurred 'but for' a retaliatory motive." *Baughman v. Saffle*, 24 F. App'x 845, 848 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998)).

Plaintiff's claims of retaliation are subject to dismissal for failure to allege adequate facts in support of the claims.  Plaintiff's allegations regarding retaliation are generally conclusory, lacking facts to demonstrate any improper retaliatory motive.

Plaintiff has failed to state a claim regarding his access to the courts.  It is well-established that a prison inmate has a constitutional right of access to the courts.  However, it is equally well-settled that in order "[t]o present a viable claim for denial of access to courts, . . . an inmate must allege and prove prejudice arising from the defendants' actions." *Peterson v. Shanks,* 149 F.3d 1140, 1145 (10th Cir. 1998) (citations omitted); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("The requirement that an inmate . . . show actual injury derives ultimately from the doctrine of standing."); .

An inmate may satisfy the actual-injury requirement by demonstrating that the alleged acts or shortcomings of defendants "hindered his efforts to pursue" a non-frivolous legal claim. *Lewis*, 518 U.S. at 351-53; *see also Burnett v. Jones*, 437 F. App'x 736, 744 (10th Cir. 2011) ("To state a claim for violation of the constitutional right to access the courts, a prisoner 'must demonstrate

actual injury . . .—that is, that the prisoner was frustrated or impeded in his efforts to pursue a nonfrivolous legal claim concerning his conviction or his conditions of confinement.'") (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010)).

The Supreme Court plainly held in *Lewis* that "the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 at 354. Rather, the injury occurs only when prisoners are prevented from attacking "their sentences, directly or collaterally" or challenging "the conditions of their confinement." *Id.* at 355. "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* (emphasis in original); *see also Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995) ("[A]n inmate's right of access does not require the state to supply legal assistance beyond the preparation of initial pleadings in a civil rights action regarding current confinement or a petition for a writ of habeas corpus.") (citations omitted).

The right to access the courts does not guarantee inmates the right to a law library or to legal assistance, but merely to "the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 350–51 (1996) (quoting *Bounds v. Smith,* 430 U.S. 817, 825 (1977)). The right to access the courts is "only [the right] to present . . . grievances to the courts," and does not require prison administrators to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id*. at 354, 360.

The Tenth Circuit has held several times that there is no constitutional right to an administrative grievance system. *Gray v. GEO Group, Inc.*, No. 17–6135, 2018 WL 1181098, at *6 (10th Cir. March 6, 2018) (citations omitted); *Von Hallcy v. Clements*, 519 F. App'x 521, 523–24 (10th Cir. 2013); *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011); *see also Watson*

*v. Evans*, Case No. 13–cv–3035–EFM, 2014 WL 7246800, at *7 (D. Kan. Dec. 17, 2014) (failure to answer grievances does not violate constitutional rights or prove injury necessary to claim denial of access to courts); *Strope v. Pettis*, No. 03–3383–JAR, 2004 WL 2713084, at *7 (D. Kan. Nov. 23, 2004) (alleged failure to investigate grievances does not amount to a constitutional violation); *Baltoski v. Pretorius*, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) (finding that "[t]he right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials"). Plaintiff's claims regarding the grievance process and the failure to properly respond to grievances are subject to dismissal for failure to state a claim.

### 3. Medical Care

Plaintiff alleges that Defendant Parks failed to properly respond to Plaintiff's grievance seeking medical care. "[D]eliberate indifference to a pretrial detainee's serious medical needs includes both an objective and a subjective component." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (finding that although a pretrial detainee's claim is based on the Fourteenth Amendment, the same standard for Eighth Amendment claims applies). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Id*. at 989–90 (citations omitted).

A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id*. at 990 (citation omitted). The "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff fails to allege what medical care he was seeking or medical need was involved. The Court cannot determine whether or not the need was sufficiently serious. Thus, Plaintiff has not satisfied the objective prong for proving a constitutional violation.

Plaintiff also fails to satisfy the subjective prong. The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added). Plaintiff claims Defendant Parks failed to properly respond to Plaintiff's grievance regarding medical care. Plaintiff has failed to show that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.

If Plaintiff submits an amended complaint, he should provide sufficient facts regarding his medical need, who he sought medical care from and when, and what means he used to request medical care.

### 4. Request for Relief

Plaintiff seeks nominal damages in the amount of $5,000 per day and $1,000 per day. However, nominal damages are awarded in a nominal amount, typically in the total amount of $1.00. *Beauclair v. Roberts*, No. 14-3022-SAC, 2015 WL 197332, at *7 (D. Kan. Jan. 14, 2015)

(citing *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005) ("One dollar is recognized as an appropriate value for nominal damages.")).

Plaintiff also seeks injunctive relief in the form of a requirement that the BCJ adopt a paper grievance system. Plaintiff's request for injunctive relief is moot. Plaintiff is no longer in custody at the BCJ. Because Plaintiff's request relates solely to alleged wrongdoing on the part of BCJ employees, the Court would be unable to provide Plaintiff with effective relief and his requests for injunctive relief are moot. Article III of the Constitution extends the jurisdiction of federal courts only to "live, concrete" cases or controversies. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010). "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e. where the controversy is no longer live and ongoing." *Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994), *superseded by statute on other grounds*. Consequently, "[m]ootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande*, 601 F.3d at 1109 (internal quotations and citations omitted).

"Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *O'Shea v. Littleton*, 414 U.S. 488, 495 1974). The Tenth Circuit has applied this principle to § 1983 actions brought by inmates, and held that an inmate's transfer from one prison to another generally renders moot any request for injunctive relief against the employees of the original prison concerning the conditions of confinement. *See Green v. Branson*, 108 F.3d 1296, 1299–1300 (10th Cir. 1997); *see also Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (recognizing prisoner's

release from prison mooted his § 1983 claim for injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n.4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

The mootness doctrine is based on the reality that even if the inmate receives injunctive relief, the defendants from the former prison would be unable to provide the relief to plaintiff. Because Plaintiff is no longer in custody at the BCJ, his claims for injunctive relief are moot and subject to dismissal.

Plaintiff seeks punitive damages, which "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)).   Plaintiff presents no plausible basis for a claim of punitive damages because he alleges no facts whatsoever establishing that any defendant acted with a sufficiently culpable state of mind.  Plaintiff's request for punitive damages is subject to dismissal.

Any request for compensatory damages would be barred by 42 U.S.C. § 1997e(e), unless Plaintiff alleges a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## V.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add

claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (23-3063-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **April 6, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

13

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **April 6, 2023**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated March 6, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**